UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 1:03-CR-22

v.

Hon. Richard Alan Enslen

JOE LOUIS MCINTOSH,

**OPINION**

    Defendant.
_____/

Defendant Joe Louis McIntosh has moved to suppress evidence found at a residence on 1055 Lafayette Avenue, Grand Rapids, Michigan on August 6, 2002. The Motion has been fully briefed. While the Motion to Suppress was originally scheduled for oral argument, the Court upon review of the briefing determines that hearing is unnecessary.

**BACKGROUND**

This Motion seeks to suppress evidence found at the residence on August 6, 2002 as well as statements made by Defendant to an officer subsequent to the execution of the search warrant. The basis for the suppression sought is the United States Supreme Court's decision in *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), which set forth the rule that when an affiant prepares a search warrant affidavit based on deliberately false information, the false information cannot provide "probable cause" to justify a search under the Fourth Amendment to the United States Constitution. *Franks* did not, however, permit the courts to dive into credibility tests of affiants based on speculation. It also required that the movant make a substantial preliminary showing that the affidavit was deliberately false or made with reckless disregard for the truth of the matter asserted. *Id.* at 171. "The deliberate

falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant." *Id.*

In this case, the allegedly false statement in the warrant affidavit reads as follows:

> "The informant had been at the above-described premises within the last 36 hours and observed a quantity of cocaine base being sold there. The cocaine as described by the informant is being sold for various amounts of U.S. currency."

(Def.'s Br., Ex. A at 2.)

Defendant urges that this information is false because he can testify that the only persons at the residence within the 48 hours preceding the search were Defendant, his wife, and his wife's two children. (Def.'s Br. at 3.) No offer of proof is made concerning how the officer would know the informant information was unreliable. Indeed, the search warrant affidavit states that officer believed the informant because he had made at least ten prior controlled purchases in the preceding year, and had supplied information which led to ten prior arrests in controlled substances cases. (Ex. A at 3.)

This history is not new to this Court since the Court was previously reversed on appeal concerning a prior suppression ruling in this case. The Court's earlier ruling was premised on the sufficiency of the search warrant affidavit. In ruling the affidavit sufficient, the Sixth Circuit Court of Appeals determined that the informant was reliable. The Sixth Circuit specifically relied upon the informant's history as a reliable informant in making this finding. *United States v. McIntosh*, 109 Fed. Appx. 65, 69 (6th Cir. Aug. 26, 2004).

**LEGAL ANALYSIS**

Criminal defendants are entitled to a *Franks* hearing only in limited circumstances. A recent Sixth Circuit case, *United States v. Stewart*, 306 F.3d 295, 304-05 (6th Cir. 2002), said the following:

> In *Franks,* the Supreme Court recognized a defendant's right to challenge the sufficiency of a previously issued and executed warrant by attacking the statements made in an affidavit in support of the warrant. In order to obtain a hearing, the defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit. *Franks,* 438 U.S. at 155-56, 98 S. Ct. 2674. If the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. *Id.* at 171, 98 S. Ct. 2674. The defendant must specifically point to the disputed portions of the challenged affidavit, and must support these charges with an offer of proof. *Id.* If the defendant meets this burden, the court must then reconsider the affidavit without the disputed portions and determine whether probable cause still exists. If probable cause does not exist, the court must hold a full evidentiary hearing to determine whether the affidavit was properly submitted.

*Id.*

In addressing a *Franks* motion, the Court must specifically enforce the holding in *Franks* that the inaccuracy relate to the affiant's statements as opposed to the statement of an informant. This principle was followed by the Sixth Circuit in *Mays v. City of Dayton*, which held that "*Franks* recognizes that information an affiant reports may not ultimately be accurate, and is willing to tolerate such a result at that early stage of the process, so long as the affiant believes the accuracy of the statement at the time it was made." 134 F.3d 809, 816 (6th Cir. 1998).

Similarly, the Sixth Circuit in *United States v. Rodriguez-Suazo*, 346 F.3d 637, 648 (6th Cir. 2003), relying on *Franks*, held that "[e]ven if some of the information contained in the search warrant ultimately could be shown to be false [defendant] provided no evidence that [the affiant] intentionally or recklessly misrepresented facts in order to secure the search warrant." Thus, the *Rodriguez-Suazo* court held that defendant had a right to neither a *Franks* hearing nor an *in camera* examination. On the latter point, it said, "We do not find persuasive [defendant's] argument that the district court erroneously denied his request for an in camera examination of the confidential informant. We . . . will not mandate a preliminary in camera examination . . . simply because defendant alleges that the

affidavit contains falsehoods." *Id.* at 648 n.8.  While the *Rodriguez-Suazo* court did not discuss conducting an *in camera* examination of the affiant, its footnote suggests, consistent with the language of *Franks*, that no *in camera* examinations should be held when a sufficient preliminary showing has not been made.

In the instant case, as indicated in Defendant's Brief and Reply, there is nothing in the record to suggest that the affiant disbelieved or was reckless in believing the informer's report (other than the falsehood itself and the lack of police corroboration of the informant's report).  The lack of corroboration is not fatal in this instance since the informant's history made his statements believable to authorities in the absence of corroboration.  Defendant does argue in his Reply that he has made the only showing available to him and, if it is not enough, then a criminal defendant in his situation would never be entitled to a *Franks* hearing.  This argument is, however, hyperbole.  There will be cases, unfortunately, when the affiant's statements can be shown to be false or reckless based on other statements of the affiant (*e.g.,* police reports of the affiant) or based on statements of others that the affiant knew of at the time (*e.g.,* contradictory police reports known by the affiant).  In such cases, a *Franks* hearing will be mandated.  In the present case, neither a *Franks* hearing nor an *in camera* examination should take place because Defendant has not made the preliminary showing required by *Franks*.

### **CONCLUSION**

For these reasons given, an Order shall enter denying Defendant Joe Louis McIntosh's Motion to Suppress.  The Order shall also cancel as unnecessary the scheduled suppression hearing.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>     June 23, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |